**Jordan R. Pine, Esq. (JP7680)**
JORDAN R. PINE & ASSOCIATES, PLLC
116 Lake Shore Drive West
Rock Hill, New York 12775
Tel.: (845) 558-8286
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____x

TARA L. MANN,

            Plaintiff,   **COMPLAINT**

   vs.   Docket No:  1:21-cv-1236 (MAD/CFH)

UNITED STATES OF AMERICA,

            Defendant.
_____x

    TARA L. MANN, by and through her attorneys, JORDAN R. PINE & ASSOCIATES, PLLC, respectfully allege on information and belief and at all times relevant hereto, the following:

## INTRODUCTION

1. TARA L. MANN ("Plaintiff") brings this action under the Federal Tort Claims Act ("FTCA") 28 U.S.C. sections 1346(b), 2671-2680, against the UNITED STATES OF AMERICA ("Defendant") for committing dental and medical malpractice and failing to obtain an informed consent from the Plaintiff.  Among other things, Defendant, through its doctors, oral surgeons, dentists, medical providers, employees, and other staff broke off a large piece of dental bur from a dental drill revolving at high speed during the extraction of two lower left posterior teeth, lodging within her inferior alveolar nerve canal.  Defendants failed to inform the Plaintiff of the presence of the dental bur in her

jaw and failed to investigate, diagnose and treat Plaintiff's oral cavity and mouth and medical conditions. As a result, Plaintiff has sustained a permanent complete absense of sensation to the lower left lip and chin areas and a throbbing, stabbing pain in her left mandible.

## JURISDICTION AND VENUE

2. The Court maintains subject matter jurisdiction over the above-captioned action as provided by the Federal Tort Claims Act, 28 U.S.C. sections 1346 and 1367(a).

3. The Court is the proper venue for the above-captioned action under 28 U.S.C. section 1391(e)(1)-(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On or about December 3, 2020, Plaintiff timely filed an administrative claim with Defendants (claim no. 2021-0133) (the "Claim").

5. On June 16, 2021, the Defendant through the "Office of the General Counsel – General Law Division Claims Office – Department of Health and Human Services" denied the Administrative Tort Claim of the Plaintiff.

6. Plaintiff has complied with all jurisdictional provisions of the Federal Tort Claims Act, which require that she exhaust her administrative remedies.

## PARTIES

7. Plaintiff, TARA L. MANN is an adult over the age of eighteen and resides at 134 Story Kill Rd., Accord, N.Y. 12404.

8. Defendant, UNITED STATES OF AMERICA, through its United States Department of Health and Human Services, employed all doctors, oral surgeons, dentists, medical providers, empoyees, and other staff involved in the care and treatment of Plaintiff during all relevant times, including, but not limited to, December 9, 2019 and December 23, 2019.

9. Ellenville Family Health Center, Dental Care Center, (hereinafter referred to herein as "Dental Care Center") located at 6 Healthy Way, Ellenville, N.Y. 12428, is part of the Institute For Family Health, which is a program grantee under 42 U.S.C. section 254(b).

10. Defendant, UNITED STATES OF AMERICA (hereinafter referred to as "USA"), was the owner and operator of dental clinic known as the Ellenville Family Health Center, Dental Care Center, located at 6 Healthy Way, Ellenville, N.Y. 12428.

11. Defendant, USA, was the owner and operator of Institute For Family Health, 279 Main Street, New Paltz, New York 12561.

12. Defendant, USA, and its doctors, oral surgeons, dentists, medical providers, employees, and other staff held themselves out to the public as health care providers, qualified and capable of rendering dental and medical services with the skill and knowledge possessed by and required of physicians, oral surgeons and dentists in the community.

13. SANFORD BUCH, D.D.S., was an "employee" of Defendant, USA, as defined by 28 U.S.C. section 2671 and is licensed to practice dentistry in the State of New York.

14. SANFORD BUCH, D.D.S. held himself out an an oral surgeon qualified and able in the practice of dentistry.

15. Along with other personnel employed by and servants of Defendant USA, Dr. Sanford Buch was responsible for the examination, treatment, and care of Plaintiff.

16. Under 28 U.S.C. section 2679(d), USA, as defendant, is liable for any and all of the Plaintiff's claims and damages relating to the dental and medical malpractice and failure to obtain an informed consent against Dental Care Center located at Ellenville Family Health Center, 6 Healthy Way, Ellenville, N.Y. 12428, Dr. Sanford Buch, as well as other employees of Defendant, USA, who renendered health services to Plaintiff.

**FACTUAL ALLEGATIONS**

17. On December 9, 2019, Plaintiff sought and received dental and medical care at Dental Care Center by Dr. Sanford Buch, and was re-appointed.

18. On December 23, 2019, Plaintiff sought and received dental and medical care at Dental Care Center by Dr. Sanford Buch.

19. On December 23, 2019, Dr. Sanford Buch improperly and negligently evaluated and improperly extracted teeth #18, 19, negligently breaking off a large piece of dental bur from a fast revolving dental drill which lodged in the inferior alveolar nerve canal resulting in injury to the left inferior alveolar nerve, an absense of sensation to the lower left lip and chin areas and a throbbing, stabbing pain in the left mandible.

20. In additional to improper negligent surgeries, said doctor, Dr. Sanford Buch, as well as other agents and or employee providers, as agents of defendant, USA and Dental Care Center failed to take or order and interpret appropriate post-operative x-rays and discharged the Plaintiff with a piece of broken dental bur present in her jaw, without being aware of the presence of the broken dental bur within the Plaintiff's jaw.

21. In additional to improper negligent surgeries, said doctor, Dr. Sanford Buch, as well as other agents and or employee providers, as agents of defendant, USA and Dental Care Center discharged the Plaintiff without making her aware of the presence of the broken dental bur within the Plaintiff's jaw.

22. In additional to improper negligent surgeries, said doctor, Dr. Sanford Buch, as well as other agents and or employee providers, as agents of defendant, USA and Dental Care Center failed to timely contact the Plaintiff to make her aware of the presence of the broken dental bur within the Plaintiff's jaw.

23. In additional to improper negligent surgeries, said doctor, Dr. Sanford Buch, as well as other agents and or employee providers, as agents of defendant, USA and Dental Care

       Center failed to timely contact the Plaintiff to make her aware that a dental bur had broken off during the extraction procedure and the possibility that it was lodged in her lower left jaw area.

24. While under treatment at Dental Care Center, the Plaintiff primarily received her dental, medical and oral surgery care from Dr. Sanford Buch.

25. Dr. Sanford Buch treated the Plaintiff in the course of his employment with Defendant, USA, Ellenville Family Health Center, and Dental Care Center.

26. Defendant, USA through its agents and employees provided general dental, medical and oral surgery care to the Plaintiff.

27. Through Plaintiff's course of tratment, Defendant, USA, and its doctors, dentists, oral surgeons, medical providers, employees and other staff failed to investigate, diagnose and treat the Plaintiff's conditions, and provided insufficient and substandard dental and medical care, which led to the Plaintiff's permanent injuries.

28. On December 23, 2019, Plaintiff was caused to suffer the improper and negligent evaluation of and improper extraction of teeth #18, 19, which led to the negligently breaking off a large piece of dental bur from a fast revolving dental drill which lodged in the inferior alveolar nerve canal resulting in injury to the left inferior alveolar nerve, absense of sensation to the lower left lip and chin areas and a throbbing, stabbing pain in the left mandible.

29. As a result of the negligence of said doctors and Defendant's personnel, plaintiff suffered from injury to the left inferior alveolar nerve, absense of sensation to the lower left lip and chin areas and a throbbing, stabbing pain in the left mandible and continues to suffer from said conditions.

30. Plaintiff's permanent injuries were proximately cause by (1) the negligence of the Defendant, United States of America, and its doctors, oral surgeons, dentists, medical

providers, employees, and other staff, and (2) the failure to obtain an informed consent by the Defendant, United States of America, and its doctors, oral surgeons, dentists, medical providers, and employees.

## FIRST CAUSE OF ACTION

### (Dental/Medical malpractice)

31. Plaintiff hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth in detail herein.

32. Throughout Plaintiff's course of treatment at Ellenville Family Health Center, Dental Care Center, the Defendant, and its doctors, oral surgeons, dentists, servants, employees, and other staff were negligent, careless and reckless, and committed dental and medical malpractice in that they failed to render to the Plaintiff, TARA L. MANN, proper dental and proper oral surgery care; in failing to render to the Plaintiff, TARA L. MANN, proper medical care; in failing to recognize Plaintiff's dental, oral and medical condition; in allowing a dental bur to break off while the dental drill was revolving at high speed sending a projectile shooting down directly into Plaintiff's Inferior Alveolar Nerve Canal; in using a dental bur which could not sufficiently cut the tooth and/or bone properly causing it to break off and go flying; in improperly using a dental bur which caused it to break off; in failing to take sufficient x-rays and radiographic images; in failing to properly read and interpret the Plaintiff's x-rays; by failing to inform the Plaintiff that a dental bur had broken during the extraction procedures; by failing to inform the Plaintiff that a broken dental bur may be in her jaw; in failing to inform the Plaintiff that they had broken a dental bur which was in her jaw; in failing to inform the Plaintiff that she needed to return to the dental office so the Plaintiff could be appropriately examined and have appropriate x-rays and radiographic images taken and/or ordered to detect the broken dental bur which may be in her jaw; in failing to inform the Plaintiff that she

needed to return to the dental office so the Plaintiff could be appropriately examined and have appropirate x-rays and radiographic images taken and/or ordered to detect the broken dental bur which was in her jaw; by failing to inform the Plaintiff that they lacked the skill to treat her dental and medical condition; in failing to render proper and adequate dental and medical care to the Plaintiff, TARA L. MANN; in failing to render a proper and adequate diagnosis of Plaintiff's dental and medical condition; in causing suffering and permitting improper and inadequate dental and medical care to be rendered to the Plaintiff, TARA L. MANN; in failing to refer Plaintiff, TARA L. MANN, to a qualified oral and maxillofacial surgeon; in failing to refer Plaintiff, TARA L. MANN, to a qualified oral and maxillofacial surgeon for timely evaluation for removal of the broken dental bur from the Plaintiff's lower left jaw; in negligently and carelessly failing to timely and properly diagnose and treat her condition; in failing to investigate Plaintiff's clinical examination findings and radiographic findings, in failing to conduct required and appropriate radiographic examinations; in failing to order and take proper diagnostic tests/studies; in failing to properly supervise and monitor her condition; in failing to conduct a proper and timely evaluation of her clinical condition; in failing to be aware of the broken dental bur during the extraction process; in failing to be aware that the dental bur had broken during the extraction process when it became necessary to remove the broken stub of bur still attached to the dental drill and replace it with a "new" dental bur; in failing to be aware of the broken dental bur still attached to the dental drill which would have been scrubbed, cleaned and sterilized together; in failing to have a procedure in place to be certain Plaintiff was contacted to come in for appropriate radiographic images or other diagnostic images of the extraction sites and the surrounding structures in search of the dental bur which broke during the extraction process and was "missing"; in failing to immediately refer the Plaintiff to an oral and maxillofacial surgeon nerve

specialist for any realistic chance of a successful surgical operation to remove the dental bur and repair of the Inferior Alveolar Nerve; in knowingly allowing Plaintiff to leave their dental office on December 23, 2019 knowing a piece of dental bur was missing and may be in her jaw; in knowingly allowing Plaintiff to leave their dental office on December 23, 2019 knowing a piece of dental bur was missing and was in her jaw; in failing to obtain an informed consent from the Plaintiff; in ignoring or failing to heed the signs and symptoms presented; in departing from accepted practice in the service rendered for and on behalf of Plaintiff; in failing to perform properly the indicated procedures; in failing to obtain and take a proper history; in failing to make and keep good and proper records; in failing to give adequate and proper instructions; in failing to follow good dental, oral surgery and medical practices and procedures; by rendering care contrary to the accepted standards of dental and oral surgery care existing in the community and elsewhere; and Defendants were also guilty of malpractice in other respects.

33. As a result of the negligence and carelessness and dental malpractice as aforesaid, committed by Defendant and its doctors, oral surgeons, dentists, medical providers, employees, and other staff, Plaintiff suffered and continues to suffer conscious pain and suffering, loss of enjoyment of life, sustained serious and personal injuries, and incurred costs, medical and related expenses and special damages.

34. The foregoing negligence on the part of Defendant and its agents was a substantial factor in causing the injuries to Plaintiff, TARA L. MANN.

35. Defendant, USA, is vicariously liable for the reckless and negligent acts and omissions of Dr. Sanford Buch, and other servants, agents and employees who treated Plaintiff at Ellenville Family Health Center, and Dental Care Center, and for Dr. Buch's and other servants, agents and employees' failure to obtain a proper informed consent from

Plaintiff, TARA L. MANN.

36. As a result of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED SEVENTY FIVE THOUSAND ($275,000.00) DOLLARS.

## SECOND CAUSE OF ACTION

### (Lack of Informed Consent)

37. Plaintiff hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth in detail herein.

38. Defendant, USA, and its servants, agents and or employees, including, but not limited to Dr. Sanford Buch, failed to inform Plaintiff of the reasonable risks, complications, consequences, and danger of the care, treatment and procedures that Defendant undertook to perform, and failed to inform Plaintiff of the reasonable risks and alternatives of treatment applicable to Plaintiff's condition.

39. Had Plaintiff known of the nature and extent of the conditions and reasonable risks, and had Plaintiff known of the reasonable alternatives, methods of treatment, Plaintiff would have chosen another method of treatment, treatment by a more qualified oral surgeon, or no treatment, to avoid the worsening and deterioration of her condition and the risks inherent in the procedures performed by Defendants.

40. A reasonably prudent person in Plaintiff's position would not have undergone the treatment if she had been fully informed by Defendant, USA, and its agents of the risks and alternatives of the treatment.

41. The lack of informed consent was a proximate cause of the injury or condition for which recovery is sought.

42. Defendant, USA, is vicariously liable for the reckless and negligent acts and omissions of Dr. Sanford Buch, and other servants, agents and employees who treated Plaintiff at Ellenville Family Health Center, Dental Care Center and for Dr. Buch's and other

servants, agents and employees' failure to obtain a proper informed consent from Plaintiff TARA L. MANN.

43. As a result of the negligence and carelessness and dental and medical malpractice as aforesaid, committed by Defendant and its doctors, dentists, oral surgeons, medical providers, employees, and other staff, Plaintiff suffered and continues to suffer conscious pain and suffering, loss of enjoyment of life, sustained serious and personal injuries, incurred costs, medical and related expenses and special damages.

44. The foregoing negligence on the part of Defendant, USA, and its agents was a substantial factor in causing the injuries to Plaintiff, TARA L. MANN.

45. As a result of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED SEVENTY FIVE THOUSAND ($275,000.00) DOLLARS.

## THIRD CAUSE OF ACTION

### (Ordinary Negligence)

46. Plaintiff hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth in detail herein.

47. Defendant, USA, and its agents failed to communicate significant findings to the plaintiff, TARA L. MANN.

48. Defendant, USA's and its agents' failure to communicate significant findings to the plaintiff, TARA L. MANN was ordinary negligence, and was a substantial factor in causing injuries to the plaintiff, TARA L. MANN.

49. Defendant, USA, is vicariously liable for the reckless and negligent acts and omissions of its agent's Dr. Sanford Buch and others; and for Dr. Buch's and others' failure to obtain a proper informed consent from the plaintiff, TARA L. MANN.

50. The foregong negligence on the part of Defendant, USA, and its agents was a substanial factor in causing the injuries to Plaintiff, TARA L. MANN.

51. As a result of the foregoing, Plaintiff has been damaged in the amount of TWO HUNDRED SEVENTY FIVE THOUSAND ($275,000.00) DOLLARS.

## STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 1602

52. One or more of the exceptions in CPLR section 1602, including, but not limited to Subsection 2(iv) and 7 are applicable to all causes of action and Defendant is jointly and severally liable with all other tortfeasors whether parties to this action or not.

## RELIEF

53. **WHEREFORE,** Plaintiff demand judgment against Defendant on all causes of action for:

    (a) Damages in the amount of $275,000.00

    (b) Interests, Costs, Disbursements and attorneys fees; and

    (c) For such other and further relief that the Court deems just, proper, and equitable.

DATED: November 15, 2021

_____
Jordan R. Pine, Esq. (JP7680)
Jordan R. Pine & Associates
Attorneys for Plaintiff
116 Lake Shore Drive West
Rock Hill, N.Y. 12775

(845) 558-8286

jrplawassociates@aol.com

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )

COUNTY OF SULLIVAN       ) s.s.:

JORDAN R. PINE, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following under the penalty of perjury:

I am the attorney for the plaintiff in the within action; that I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge, except matters alleged upon information and belief; and that as to those matters I believe them to be true.

AFFIRMANT further says that the reason this Verification is made by your affirmant and not by the plaintiff is that said plaintiff does not reside within the County of Sullivan where your affirmant has his office. The source of your affirmant's information and belief are in the investigation of the case, reports and information in the file.

Affirmed on the 15th day of November, 2021

_____
JORDAN R. PINE  (JP7680)

Jordan R. Pine, Esq. (JP7680)
JORDAN R. PINE & ASSOCIATES, PLLC
116 Lake Shore Drive West
Rock Hill, New York 12775
Tel.: (845) 558-8286
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____x

TARA L. MANN

                Plaintiff,              **CERTIFICATE OF MERIT**

                                       Case No.:

    vs.

UNITED STATES OF AMERICA

                Defendant.

_____x

     JORDAN R. PINE, an attorney duly admitted to practice law in the Courts of the State of New York hereby affirms the following statement to be true under the penalty of perjury:

     I certify under CPLR 3012-a that I have reviewed the facts of the above action and consulted with a dentist licensed to practice dentistry, whom your affirmant reasonably believes is knowledgeable in the relevant issues involved in the within action. Based on said review and consultation, your affirmant has concluded that there is a reasonable basis for the commencement of this action.

DATED: Rock Hill, New York

          November 15, 2021

                                                              _/s/ Jordan R. Pine_
                                                                 **Jordan R. Pine**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Health and Human Services Office of the General Counsel, 330 C Street SW Switzer Bldg., Suite 2600, Washington, DC 20201 | Tara L. Mann, 134 Story Kill Rd., Accord, N.Y. 12404 Jordan R. Pine, Esq. 116 Lake Shore Drive West, Rock Hill, N.Y. 12775 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | | Single | 12/23/2019 | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On December 23, 2019 at the Ellenville Family Health Center, Ellenville, N.Y. dental clinic, Sanford Buch, DDS, a dental provider, while attempting to extract lower left teeth #18 and #19, broke off a large piece of dental bur from a fast revolving dental drill which sent a projectile shooting down into Ms. Mann's left Inferior Alveolar Nerve Canal, where the dental bur remains lodged resulting in permanent injuries.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

The large piece of broken dental bur which remains lodged in the Inferior Alveolar Nerve Canal has resulted in the permanent complete absence of sensation to the lower left lip and chin areas and a throbbing, stabbing pain in her left mandible, and associated injuries.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Tara L. Mann | 134 Story Kill Rd., Accord, N.Y. 12404 |
| Sanford Buch, DDS and other staff employees | Ellenville Family Health Center, Dental Care Center, Ellenville, N.Y. 12428 |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| none | $275,000 | | $275,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Jordan R. Pine* | (845) 558-8286 | 11/25/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

None

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☐ No  **17. If deductible, state amount.**

None

None

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

None

**19. Do you carry public liability and property damage insurance?** ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

None

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201
Charlene.Robinson@hhs.gov

DEC 10 2020

Jordan R. Pine, Esq.
116 Lake Shore Drive West
Rock Hill, NY 12775

Re:   **Administrative Tort Claim of Tara L. Mann,** Claim No. 2021-0133

Dear Mr. Pine:

This will acknowledge the receipt of your administrative tort claim, filed on behalf of your client, Tara L. Mann, alleging, *inter alia*, that, while performing an extraction of Ms. Mann's lower left teeth #18 and #19 on December 23, 2019, Sanford Buch, DDS, a dentist at Ellenville Family Health Center, located in Ellenville, New York, was negligent in allowing a large piece of dental bur from a fast revolving dental drill to break off and became lodged in Ms. Mann's left inferior alveolar nerve canal, resulting in permanent injuries. Your client's claim was received in the Claims Office on December 3, 2020 for consideration and reply.

In order to evaluate your client's administrative tort claim, please forward the following substantiating evidence directly to this office **within 15 days** at the address above:

1.) **ELECTRONIC COPY** of any inpatient and outpatient private dental records that *relate* to the allegations contained in the administrative tort claim;

2.) **ELECTRONIC COPY** of all *pertinent* dental X-Rays, diagnostic imaging, ultrasonography, computed tomography (CT) and magnetic resonance imaging (MRI);

3.) Itemized bills pertaining to all pertinent medical expenses incurred by reason of the alleged incident;

4.) If the prognosis reveals the necessity for future treatment, a statement of expected duration of, and, expenses for such treatment;

5.) If a claim is made for lost wages, a signed statement from your client's employer showing actual time and wages lost;

6.) Any other evidence or information that you believe has a bearing

Jordan R. Pine, Esq.
Re: Claim No. 2021-0133
Pg. 2

      on the responsibility of the health center and its employees for the injuries and/or the damages claimed; and

    7.)    Evidence of your authority to represent your client in this matter.

**PLEASE SEND THE MATERIALS TO MY EMAIL IN A SECURE, PASSWORD PROTECTED FORMAT AND EMAIL THE PASSWORD TO ME IN A SEPARATE EMAIL.**

Please be advised that all evidence must be furnished by a claimant within a reasonable period of time. By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the administrative tort claim. Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative tort claim. See Swift v. United States, 614 F.2d 812 (1st Cir. 1980).

      Yours truly,

      */s/ Charlene Robinson*

      Charlene Robinson
      Paralegal Specialist
      Claims Office



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201

JUN 1 6 2021

<u>U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED</u>
Article No. 7020 0640 0000 6392 2986

Jordan R. Pine, Esq.
116 Lake Shore Drive West
Rock Hill, NY 12775

Re:   <u>**Administrative Tort Claim of Tara L. Mann,**</u> Claim No. 2021-0133

Dear Mr. Pine:

    On December 3, 2020, on behalf of your client, Tara L. Mann, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, alleging, *inter alia*, that, while performing an extraction of Ms. Mann's lower left teeth #18 and #19 on December 23, 2019, Sanford Buch, DDS, a dentist at Ellenville Family Health Center, located in Ellenville, New York, was negligent in allowing a large piece of dental bur from a fast revolving dental drill to break off and became lodged in Ms. Mann's left inferior alveolar nerve canal, resulting in permanent injuries.

    The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

    This letter constitutes the notice of final determination of your client's administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Tara L. Mann is denied.

    If your client is dissatisfied with this determination, she is entitled to:

1.    file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Jordan R. Pine, Esq.
Subj: Claim No. 2021-0133
Pg. 2

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the Agency will review the claim within six (6) months from the date the request is received. If the reconsidered claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

Jennifer B. Smith -S
Digitally signed by Jennifer B. Smith -S
Date: 2021.06.15 13:26:32 -04'00'

Jennifer B. Smith
Acting Deputy Associate General Counsel